# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BARBARA A. MCCASTLER,

                Plaintiff,

-vs-                            Case No. 6:07-cv-1684-Orl-28GJK

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT** (Doc. No. 28) |
| **FILED:** | June 18, 2009 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

On March 18, 2009, a judgment was entered reversing and remanding this case to the Commissioner of Social Security (the "Commissioner") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 28. Plaintiff now moves for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") (the "Motion"). Doc. No. 28. Plaintiff has assigned her right to EAJA fees to her counsel. *See* Doc. No. 28-4. Plaintiff requests attorneys' fees in the amount of $5,140.94 to be paid directly to Plaintiff's attorney. Doc. No. 28. In the Motion, counsel for Plaintiff, Shea A. Fugate, Esq. states that she

1

performed 4.8 hours of work on the case in 2007 at a rate of $165.93 per hour ($796.46) and 24.7 hours of work on the case in 2008 and 2009 at a rate of $175.89 per hour ($4,344.48), which totals $5,140.94. *Id*. Counsel for Plaintiff attaches an affidavit detailing her time spent on the case. Doc. No. 28-3. In the Motion, Plaintiff's counsel states that the requested hourly rates do not exceed the Equal Access to Justice Act cap of $125 per hour adjusted on the basis of changes in the Consumer Price Index since the EAJA was enacted in 1996. *See* Doc. Nos. 28-2 at 2-3.

On July 1, 2009, the Commissioner filed a response (the "Response") arguing that the hourly rates requested by Plaintiff are excessive. Doc. No. 29.[1] More specifically, the Commissioner argues that hourly rates in Social Security cases should be capped at a rate of $165.00 for work performed in 2007 and 2008. Doc. No. 29 at 3 (citing *Coffman v. Astrue*, Case No. 8:07-cv-1416-T-TGW, Doc. No. 30, 2008 WL 5137956 at *1-2 (M.D. Fla. Dec. 5, 2008) (determining that hourly rates should be capped at $165.00 per hour)). The Commissioner maintains that the $165.00 hourly rate cap has been adopted by other courts within the Middle District of Florida (*Watkins v. Astrue*, Case No. 3:07-cv-1079-J16-MCR, 2009 WL 1405006 at *2 (M.D. Fla. 2009)), but acknowledges that there are conflicting decisions from the Middle District of Florida on the issue (*Whitelow v. Astrue*, Case No. 5:07-cv-484-Oc-GRJ, 2009 WL 1308377 (M.D. Fla. 2009); *Davis v. Commissioner of Social Security*, Case No. 6:06-cv-1249-Orl-28KRS, Doc. No. 45 (M.D. Fla. Apr. 15, 2009)). Doc. No. 29 at 4.

In *Coffman*, 2008 WL 5137956 at *1-2 (M.D. Fla. Dec. 5, 2008), the Court found the requested hourly rate of $171.38 for 2008 to be unreasonable. *Id*. The Court stated:

---

[1] The Commissioner does not object to the amount of time Plaintiff's counsel spent on the case. *See* Doc. No. 29 at 3. On July 27, 2009, Plaintiff filed a reply to the Response. Doc. No. 31. However, because Plaintiff failed to seek leave of Court prior to filing the reply, the Court has not considered it. *See* Local Rule 3.01(c).

> The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. 2412(d)(2)(A). Over the years since the increase of the fee cap to $125.00 per hour (and it is a fee cap, not a fee minimum), many Social Security practitioners in this division have annually requested a cost-of-living adjustment. The Commissioner has not objected to these requests and I have therefore accepted them without evaluation, despite the fact that there came a point when I questioned whether the fee requests were reasonable. As a consequence of these annual increases, the cap of $125.00 per hour has, as of 2007, become a base of at least $165.00 per hour. Frankly, if that rate were subject to scrutiny following an objection, it would probably be found to be unreasonably high.
>
> In all events, the request of more than $170.00 per hour for 2008 is patently beyond the bounds of reason. In this respect, I consider that it is clearly unreasonable to award a lawyer who has prevailed in a Social Security case more than $170.00 per hour, when the maximum rate for criminal defense lawyers defending capital cases is $170.00 per hour. Unquestionably, it is far more demanding and challenging to defend a case where the defendant is facing the death penalty than it is to seek review of an adverse decision based upon an administrative transcript. Consequently, a lawyer prevailing in a Social Security case should not be paid a greater rate, or even a similar rate, than is paid to a criminal defense attorney defending a capital case. Accordingly, the request for a rate of $171.38 per hour for work done in 2008 is rejected.

*Id*. at *1-2. The Court then applied a $165.00 per rate for 2007 and 2008. *Id*. at *2.

In *Davis*, Case No. 6:06-cv-1249-Orl-28KRS, Doc. No 45 at 3-4 (M.D. Fla. Apr. 15, 2009), the Court held that hourly rates in excess of $165.00 per hour were not *per se* unreasonable. *Id*. Based on the facts presented in Davis, the Court found that, once adjusted for inflation, a rate in excess of $165.00 per hour was reasonable for work performed in the years 2007 through 2009. *Id*.

3

The undersigned recognizes that the EAJA sets an hourly rate ceiling of $125.00, but provides courts with discretion to make upward adjustments based on changes in the Consumer Price Index. *See* 28 U.S.C. § 2412(d)(2)(A). The Court finds that an upward adjustment in the cap based on the cost of living as reflected by the Consumer Price Index is justified. Thus, the issue becomes what is a reasonable rate for Ms. Fugate's work in this case.

The reasonable rate for an attorney's services is based on a variety of factors, including counsel's experience, the complexity of the case and the issues, and the local market rate for the practice area at issue. Ms. Fugate attached an affidavit stating that she has been licensed to practice law in the state of Florida since 1996, and has practiced Social Security law since that time. Doc. No. 28-3. She has handled over 2,000 Social Security Disability claims. *Id*. Ms. Fugate states that her normal hourly rate is $175.00 per hour. *Id*. Ms. Fugate also states that "[i]n all of the cases where I have sought an adjustment to cost of living under the EAJA, the Middle District of Florida has awarded the adjusted hourly rate over and above the $125.00 statutory limit." *Id*. This case involved a moderate level of complexity wherein Plaintiff successfully alleged the Commissioner made certain legal errors regarding the weight given to various consulting physicians' opinions. *See* Doc. No. 23. The local market rate for an attorney with similar experience is consistent with the rates requested by Ms. Fugate. In this case, considering Ms. Fugate's experience, the complexity of the case and issues, and the local market rate the undersigned recommends that the Court find that the hourly rates requested by Plaintiff are reasonable and do not exceed the cap as adjusted for inflation.

Based on the forgoing, the undersigned **RECOMMENDS** that the Court **GRANT** the Motion (Doc. No. 28) and direct the Commissioner to pay $5,140.94 in EAJA fees directly to Plaintiff's counsel.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE and ORDERED** in Orlando, Florida on September 25, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of Record