# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BARBARA MCCASTLER,

          Plaintiff,

v.                                    Case No:  6:07-cv-1684-Orl-28GJK

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

---

# REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **SHEA A. FUGATE'S AMENDED UNOPPOSED REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. § 406(b) (Doc. No. 38)** |
| **FILED:** | **May 14, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.  BACKGROUND.

On October 3, 2007, Plaintiff and her counsel's law firm entered into a contingency fee agreement (the "Agreement") whereby Plaintiff agreed to pay counsel a fee of twenty-five percent (25%) of the total amount of past-due benefits ultimately awarded. Doc. No. 38-1. On March 18, 2009, judgment was entered reversing and remanding this case to the Commissioner of Social Security (the "Commissioner") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 26. On October 27, 2009, Plaintiff's counsel was awarded attorney fees in the

amount of $5,140.94 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"). Doc. No. 33.

On April 8, 2014, the Commissioner notified Plaintiff's counsel that it was withholding $16,538.75 for the payment of attorneys' fees, which represents twenty-five (25) percent of the total amount of past-due benefits awarded to Plaintiff.  Doc. No. 38-2.  Thus, although the Commissioner's notice does not specifically indicate the amount, Plaintiff was ultimately awarded approximately $66,154.80 in past-due benefits. Doc. No. 38-2.  Counsel now moves for an award of attorney fees (the "Motion"), pursuant to 42 U.S.C. § 406(b).  Doc. No. 38.  Counsel requests an order authorizing them to charge and collect $11,397.88 in attorney fees from Plaintiff, pursuant to § 406(b).  Doc. No. 38 at 1.  In the Motion, counsel arrives at that amount by taking twenty-five percent of the past-due benefits awarded, which is $16,538.75, and subtracting the EAJA fees awarded by this Court ($5,140.94).  Doc. No. 38 at ¶ 8 ($16,538.75 - $5,140.94 = $11,397.81). Counsel represents that no attorneys' fees were awarded by the Commissioner under § 406(a). Doc. No. 38 at 4.  The Motion is unopposed.  Doc. No. 32 at 2.

## II.    LAW.

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

*Id*. § 406(b)(1)(A).  The statute further provides that it is unlawful for an attorney to charge,

demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *See Id.* § 406(b)(2). Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client. In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Id.* at 1277. Since Plaintiff was awarded past-due benefits following remand (*see* Doc. No. 38-2 at 2), the Court may award attorney's fees under Section 406(b).

## III.   <u>ANALYSIS.</u>

### A. Fee Awards under Section 406(b).

Counsel requests an award of $11,397.81 in attorney fees, which accounts for EAJA fees that were previously awarded. *See* Doc. No. 38 at ¶ 8. In *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268 (11th Cir. 2010), the Eleventh Circuit held:

> Although an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request.

*Id.* at 1274. Therefore, the Court may award counsel a reasonable fee under Section 406(b) less the amount of the EAJA fee. Such an award is commonly referred to as a "net" fee award.

Pursuant to *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970), the aggregate of §§ 406(a) and 406(b) fees may not exceed the cap of twenty-five percent of past-due benefits awarded. *Id.* In this case, no § 406(a) fees were awarded. Doc. No. 38 at 4. Therefore, the amount requested does not exceed the twenty-five (25) percent cap.

**B. Reasonableness of Contingent Fee.**

To evaluate an attorney's Section 406(b) petition, the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). The "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). However, "[a] fee pursuant to a contingency contract is not per se reasonable." *McGuire v. Sullivan*, 873 F.2d 974, 979 (7th Cir. 1989). The contingency fee negotiated by the claimant and his or her counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372 (citing *McGuire*, 873 F.2d at 981 and *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)). A contingency fee is more likely to be reasonable the greater the risk that the claimant would not prevail. *McGuire*, 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent fee award in a social security case."). Finally, "because Section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht*, 535 U.S. at 807 n.17.

In *Yarnevic v. Apfel*, 359 F.Supp.2d 1363 (N.D. Ga. 2005), the Northern District of Georgia applied the following analysis:

> In determining whether a fee sought under § 406(b) is reasonable, the Court should look first to the contingent fee agreement and should then consider, *inter alia*, the character of the attorney's representation and the results achieved. The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly billing rate for non-

> contingent fee cases, but this data does not control the Court's
> determination of the requested fee's overall reasonableness.

*Id*. at 1363 (citations omitted).   Courts in the Middle District of Florida have adopted this analysis.

*E.g.*, *McKee v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at

*5 (M.D. Fla. Sept. 30, 2008); *Whitaker v. Comm'r of Soc. Sec.*, Case No. 6:06-cv-1718-Orl-

18KRS, 2008 WL 4710777, at *2-3 (M.D. Fla. Oct. 23, 2008).

Counsel represents that she spent a total of 29.5 hours on Plaintiff's case before this Court.

Doc. No. 38 at 2 (citing Doc. No. 28).   In support, counsel cites to Plaintiff's motion requesting

EAJA fees (Doc. No. 28), wherein counsel represented that she spent a total of 29.5 hours on

Plaintiff's case before this Court.   Doc. No. 28-3 at 1-5.   As a result of counsel's work, Plaintiff

was successful on her claim.   Doc. Nos. 23-24, 26.   The Agreement demonstrates that Plaintiff

was aware of and agreed to pay attorney fees equal to twenty-five percent (25%) of the total of

past-due benefits to which she was entitled.   Doc. No. 38-1.   In the Motion, Counsel requests an

award of $11,397.81, which represents twenty-five percent of past-due benefits awarded less

EAJA fees.   Doc. No. 38 at ¶ 8.   After reviewing the results obtained, the Motion, the contingent

fee agreement, and the time sheet, the undersigned finds that an award of $11,397.81 in attorney

fees is reasonable.

## IV.   <u>CONCLUSION</u>.

Accordingly, it is **RECOMMENDED** that the Court:

1)   **GRANT** the Motion (Doc. No. 38);

2)   Authorize counsel to charge and collect from Plaintiff the sum of $11,397.81; and

3)   Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.   **If there is no objection to this report and recommendation, the parties may promptly file a joint notice of no objection.**

**Recommended** in Orlando, Florida on May 16, 2014.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties